T.C. Memo. 2005-97


UNITED STATES TAX COURT


JAMES M. AND KAREN K. BARTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8861-03.                    Filed May 3, 2005.


<u>E. Rhett Buck, Jr.</u>, for petitioners.

<u>W. Lance Stodghill</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


KROUPA, <u>Judge</u>:  Respondent determined a $6,713 deficiency in petitioners' Federal income tax for 2000.  After concessions, we are asked to decide whether petitioners substantiated the amounts of automobile expenses and entertainment expenses they claimed as unreimbursed business expenses of James Barton (petitioner).  We hold that they did not.

Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, accompanying exhibits, and stipulation of settled issues are incorporated by this reference. Petitioners resided in Houston, Texas, at the time they filed the petition.

Petitioner was employed by Armko Industries, Inc. (Armko), a roof system consulting firm, as a sales representative during 2000. Petitioner was responsible for consulting with clients, predominantly school districts, regarding their roofing needs and assisting them in overseeing the planning and implementation of roofing projects. This included identifying the condition of the current roof, developing specifications for the project, meeting with local construction contractors who bid on the project, and attending preconstruction meetings with the school district and the contractors. Once construction began, petitioner documented the progress and authorized payments to the contractors. When the project was completed, petitioner prepared a list of items that had to be remedied before the contractor would be paid and a

warranty would be issued.  A typical job lasted 3 months and required petitioner to travel to the jobsite five times or more.

During 2000, petitioner's clients were located in Texas and Louisiana.  Armko did not reimburse petitioner for expenses related to his sales activities.

Petitioner claimed $15,741[1] of automobile expenses[2] as unreimbursed employee business expenses for 2000.  He testified that he daily maintained a mileage log by recording the odometer reading for each sales call on the day that he made the sales call, then transferred this information into a spreadsheet on his personal computer because, as he testified, he wanted to have a "more efficient paperless office."  Petitioner maintained no other paper records for the business use of his automobile.  The mileage log contained entries that were inconsistent with and in fact contradicted other evidence before the Court.[3]  For example, there were numerous entries on the same day on both the flight log and the mileage log that showed times and distances traveled that could not have taken place on the same day.  Petitioner

---

[1]All dollar amounts are rounded to the nearest dollar.

[2]Petitioner claimed 48,434 miles, at the standard mileage rate of 32.5 cents per mile, as business purpose miles on Form 2106, Employee Business Expenses, for 2000.  The standard mileage rate for 2000 is set forth in Rev. Proc. 99-38, 1999-2 C.B. 525.

[3]Petitioner submitted a flight log to substantiate expenses he claimed involving his 1960 Cessna 182-C airplane.  The parties settled the Cessna airplane expense issue in the stipulation of settled issues.  Accordingly, we consider the flight log only as it relates to petitioner's automobile expenses.

testified that he reconstructed significant portions of the mileage log 2 years after the fact in preparing for trial.

Petitioner also claimed $2,422[4] of meals and entertainment expenses as unreimbursed employee business expenses for 2000. Petitioner derived this number from the yearend summary statement he received from a credit card company that grouped restaurant and entertainment expenses together (master credit card summary). Petitioner admitted that he did not use this account exclusively for business purposes. The master credit card summary showed $2,168 under the category "Restaurants" and $232 under the category "Entertainment".[5] The master credit card summary listed only the date, the name of the restaurant or other payee, and the amount of the item. The master credit card summary did not list the name of the business contact being entertained nor the business purpose for the expense. Petitioner created another document 6 months before trial, which was approximately 3-1/2 years after the fact, on which he listed the name of the person with whom he dined, his business relationship with the person, the name of the restaurant, the business purpose, and the amount for each meal (reconstructed entertainment list). The total

---

[4]This total amount of meals and entertainment expenses was reduced by 50 percent. Sec. 274(n)(1)(A). Petitioner therefore claimed $1,211 for meals and entertainment expenses for 2000.

[5]There is a $22 difference between the sum of these two amounts and the total meals and entertainment expenses petitioner claimed. We assume this difference was a computational mistake.

amount shown on petitioner's reconstructed entertainment list was $763. Petitioner failed to explain the discrepancy between the $763 shown on the reconstructed entertainment list and the $2,422 he had claimed. Nor could petitioner explain multiple discrepancies between the master credit card summary and his reconstructed entertainment list.

Respondent disallowed the claimed expenses in a notice of deficiency dated May 22, 2003, stating that petitioner had failed to provide supporting information required to substantiate the claimed expenses. Petitioners timely filed a petition for a redetermination with this Court.

OPINION

This is a substantiation case in which we are asked to decide whether petitioner may deduct automobile expenses and certain entertainment expenses he incurred in 2000 as a sales representative. We explain the deductibility rules and then apply these rules to the facts. We begin with who has the burden of proof.

Burden of Proof

Generally, the determinations of the Commissioner in a deficiency notice are presumed correct, and the taxpayer has the burden of proving the Commissioner's determinations to be in error. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner in

certain circumstances, however, if the taxpayer introduces credible evidence and establishes that he or she substantiated items, maintained required records, and fully cooperated with the Commissioner's reasonable requests. Sec. 7491(a)(2)(A) and (B).[6] The burden does not shift to respondent under section 7491, however, because we find that petitioner failed to provide credible evidence, failed to substantiate the claimed expenses, and failed to maintain adequate records. The burden therefore remains with petitioner.

Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is generally permitted to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. See sec. 162(a). In contrast, no deduction is allowed for personal, living, or family expenses. See sec. 262.

Substantiation Requirement

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he or she

---

[6]Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of enactment of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

is entitled to the deductions.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.  If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the deduction, this Court may approximate the amount of allowable business deductions, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  For the Cohan rule to apply, however, a basis must exist on which this Court can make an approximation.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Strict Substantiation

With respect to certain business expenses specified in section 274(d), more stringent substantiation requirements apply. No deduction may be allowed for expenses incurred for travel expenses, specifically including meals and entertainment, and "listed property",[7] unless the taxpayer substantiates certain elements.  Passenger automobiles are "listed property" under section 280F(d)(4)(A)(i).

---

[7]Listed property is defined in sec. 280F(d)(4).

Under the strict substantiation requirements of section 274, the taxpayer must substantiate the amount, time, and business purpose of the expenditures and must provide adequate records or sufficient evidence to corroborate his or her own statement.[8] Adequate records are defined as a diary, a log, or a similar record, and documentary evidence that, in combination, are sufficient to establish each element of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). To be adequate, a record must generally be written and must be prepared at or near the time of the use or expenditure. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., supra.

Moreover, the expenses subject to the strict substantiation rules, such as entertainment expenses and passenger automobile expenses, may not be estimated; i.e., section 274(d) overrides the so-called Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985); sec. 1.280F-6T(b)(2), Temporary Income Tax Regs., 49 Fed. Reg. 42713 (Oct. 24, 1984). For these expenses, only strict substantiation will suffice.

---

[8]The taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) The amount of the expense; (2) the time and place of the expense; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer of the persons involved in the expense. Secs. 274(a), (d)(4); 280(F)(d)(4)(A)(i) and (ii).

Against this background, we now analyze whether petitioner satisfied the strict substantiation requirements of section 274 to allow him to deduct automobile expenses and meals and entertainment expenses. Petitioner claims that he kept adequate records and receipts to substantiate his automobile expenses and his meals and entertainment expenses. Respondent argues that petitioner failed to satisfy the strict substantiation requirements because, among other reasons, petitioner failed to maintain written records of each business trip and petitioner failed to record the information contemporaneously with the expenditures. We agree with respondent.

Automobile Expenses

Petitioner claimed $15,741 of automobile expenses or 48,434 miles as business-related miles. To substantiate the claimed automobile expenses, petitioner testified that he read the car's odometer each day and recorded the business mileage. Petitioner then entered this information onto the mileage spreadsheet that was introduced into evidence. The mileage spreadsheet listed the trips petitioner took, the number of miles for each, and the clients he visited on those dates. Petitioner introduced no written documentation to corroborate these entries. Instead, petitioner testified that he discarded all notes, records, or other documentation in his quest to have a paperless office.

We do not accept this mileage spreadsheet as reliable evidence for several reasons. First, we are skeptical of the number of miles, almost 50,000 in 1 year, that petitioner asserts were solely business related. This car mileage, we note, is in addition to miles petitioner flew on his private airplane. We also find numerous inconsistencies between the spreadsheet and other evidence before the Court. For example, petitioner apparently drove to a location on the same day he claimed to have flown there, and he claimed extensive mileage on days that he was involved in flight training for his private airplane. Moreover, petitioner testified that he substantially reconstructed the mileage spreadsheet during respondent's examination, which occurred over 2 years after the year in issue. When petitioner could not explain certain discrepancies respondent raised, petitioner responded that he could not remember because the trips had occurred so long ago. Also, petitioner's testimony supporting these expenses is vague and unclear. In petitioner's quest to have a paperless office, petitioner produced no corroborating evidence other than his own self-serving testimony, which we are not required to accept, and which we do not, in fact, find to be credible. See Niedringhaus v. Commissioner, 99 T.C. 202, 219 (1992). Accordingly, we do not give any weight to this mileage spreadsheet.

In lieu of using the standard mileage rate, we can look to the actual automobile expenses petitioner incurred in 2000. We have similar concerns about the reliability of evidence in the record to prove petitioner's "actual" automobile expenses. First, the master credit card summary showed $2,603 for "Auto Services." We note that petitioner testified that this account was used for both business and personal expenses. We further note that petitioner submitted no evidence to show which of these automobile fuel expenses were for business rather than personal use. The master credit card summary included a charge for car fuel on February 26, 2000, when petitioner admitted that he and his family were on vacation in San Francisco, California. In addition, the Court learned that the "Auto Services" amount on the master credit card summary included airplane fuel that petitioner claimed and was allowed as an airplane expense.

In respondent's opening brief, respondent conceded that petitioner would be entitled to $1,884 of automobile expenses rather than the $15,741 claimed. Although we did not find at trial that petitioner satisfied the strict substantiation requirements regarding the automobile expenses, we shall not disturb respondent's concession. Accordingly, petitioner is entitled to an automobile expense deduction of $1,884 for 2000.

Meals and Entertainment Expenses

We turn now to petitioner's claim for meals and entertainment expenses. Petitioner claimed $2,422 of meals and entertainment expenses on the basis of the master credit card summary, which reflected $2,168 under the category "Restaurants" and $232 under the category "Entertainment."

While the master credit card summary shows the name of the restaurant (or payee), and the date and the amount spent, the master credit card summary does not show the business purpose of the activity or the name of the person entertained. In attempting to substantiate the business purpose and the name of the person entertained, petitioner prepared the reconstructed entertainment list 3-1/2 years after the fact. Petitioner was unable to testify as to whom he entertained in some instances.

We have the same concerns regarding the meals and entertainment expenses that we had with the automobile expenses. The account was used for both personal and business purposes. There was no breakdown on the master credit card statement between business and personal charges. The credit card company simply lumped all charges to restaurants under the "Restaurants" category. In addition, petitioner failed to explain which of the expenses claimed were for business, not personal, purposes, and petitioner failed to heed the Court's advice to concede the personal charges. Several charges appeared for various ski

resorts and what appear to be uniquely personal charges. In addition, petitioner could not explain the discrepancy between the $763 shown on the reconstructed entertainment list and the $2,422 he had claimed. Nor could petitioner explain multiple discrepancies between the master credit card summary and his reconstructed entertainment list. Moreover, petitioner failed to produce receipts or any other corroborating evidence to comply with the strict substantiation requirements of section 274(d). Accordingly, we sustain respondent's disallowing the meals and entertainment expenses.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.